Robenzadeh Law, P.C.
Judith K. Robenzadeh, Esq. (SBN# 305318)
324 S. Beverly Drive. #1211
Beverly Hills, CA 90212
310-666-4328 Telephone
Judith@robenzlaw.com

Attorneys for Plaintiff
ANTOINETTE HANSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANTOINETTE HANSON,**<br><br>Plaintiff,<br><br>vs.<br><br>**TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.;** DOES 1-10 inclusive,<br><br>Defendant. | Case No.: 2:24-cv-03248-JAK-MRW<br><br>**PLAINTIFF ANTOINETTE HANSON'S NOTICE OF MOTION AND MOTION FOR REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 24, 2024<br>Time: 9:00 AM<br>Location: First Street Courthouse, 350 W. First Street, Courtroom 10C, Los Angeles, CA 90012<br><br>Hon. Judge John A. Kronstadt<br><br>Complaint Filed: **January 30**, 2024<br>Action Removed: ***April 19***, 2024<br>Trial Date: None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the 24th day of June of the 2024th year of our common era, or as soon thereafter as the matter may be heard, at 9:00 AM before the Honorable John A. Kronstadt in Courtroom 10C of the First Street Courthouse located at 350 W. First Street, Los Angeles, CA 90012, Plaintiff ANTOINETTE HANSON (hereinafter, "Plaintiff") will and hereby does move this Court for an Order remanding this matter back to the Superior Court of the State of California for the County of Ventura pursuant to 28 U.S.C. § 1447(c).

Plaintiff respectfully moves for this Court to issue an Order Remanding this Matter back to the California State Superior Court pursuant 28 U.S.C. § 1447(c). This Court lacks subject matter jurisdiction because the face of Plaintiff's Pleadings contains no basis thereof. Removal was therefore improper. Defendant TRANS UNION LLC (hereinafter, "Defendant") removed this matter without any reasonable basis to do so. Plaintiff requests that the Court exercise their discretion to order Defendant to pay Plaintiff's attorney's fees pursuant to 28 U.S.C. § 1447(c) as Defendant lacked any reasonable basis for removing. No court in the Ninth Circuit has ever ruled that mere reference to a federal statute makes the case *arise under* said statute, and numerous Ninth Circuit courts have held that the CA CCRAA is *not* a Federal Question. Similarly, no court in this circuit has ever held that a purported relation to a pending federal action renders a state action removable while courts in this circuit *have* held expressly the opposite. This means Defendant had no reasonable basis to believe removal was proper.

Plaintiff brings this request based on this notice and motion, the attached memorandum, the declaration of Plaintiff's counsel of record, Judith K. Robenzadeh, Esq., and attached exhibits served herewith, as well as any argument and evidence that may be presented at oral argument if any.

This motion is made following the attempted conference of the parties' respective counsel to meet and confer pursuant to Rule 7-3 of the Central District of California's Local Rules as the parties attempted to meet and confer first via email

followed by a telephonic conversation between May 15 and 20, 2024. However, the parties were unable to reach a resolution without motion practice. The meet and confer efforts are described in further detail in the Declaration of Plaintiff's counsel of record, Judith K. Robenzadeh, Esq., filed and served herewith.

Respectfully Submitted,

Dated: May 27, 2024 By: /S/ *Judith K. Robenzadeh, Esq.*
Judith K. Robenzadeh, Esq. (SBN# 305318)
Counsel for Plaintiff
ANTOINETTE HANSON

Table of Contents

**I. INTRODUCTION** .......... **1**
**II. STATEMENT OF FACTS** .......... **2**
**III. PROCEDURAL HISTORY** .......... **3**
**IV. LEGAL ARGUMENT** .......... **3**
**A. LEGAL STANDARD** .......... **4**
**B. THERE IS NO DIVERSITY OF CITIZENSHIP** .......... **6**
**C. REMOVAL IS UNTIMELY** .......... **6**
**D. THERE IS NO FEDERAL QUESTION** .......... **7**
**E. PLAINTIFF'S COUNSEL ATTEMPTED INFORMAL RESOLUTION PRIOR TO BRINGING THIS MOTION** .......... **12**
**F. REMOVAL WAS OBJECTIVELY UNREASONABLE UNDER THE CIRCUMSTANCES OF THIS CASE, AND THE COURT SHOULD THEREFORE AWARD PLAINTIFF THEIR ATTORNEY'S FEES** .......... **12**
**V. CONCLUSION** .......... **15**

**CASES**

Alan v. Austin Capital Bank, SSB, No. CV 19-9618 PA (AFMX), 2019 WL 6002406, at * (C.D. Cal. Nov. 12, 2019) .......... 13

Balcorta v. Twentieth Century—Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000) .......... 7

Barefield v. HSBC Holdings PLC, 2018 U.S. Dist. LEXIS 207276 *6, 7 (E.D. Cal. 2018) .......... 7

Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988) .......... 4

Brown v. Rivera, No. 2:15-CV-01505-CAS, 2015 WL 2153437, at * (C.D. Cal. May 6, 2015) .......... 7

Campbell v. AmericanTours Int'l, LLC, No. C 13-00323 RS, 2013 WL 894797, at * (N.D. Cal. Mar. 8, 2013) .......... 8

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) .......... 5, 7, 8

Corral v. Specialized Loan Servicing, Inc., 878 F.3d 770, 775 (9th Cir. 2017) .......... 5

County of San Mateo v. Chevron Corporation (9th Cir. 2022) 32 F.4th 733 .......... 13

Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273 (C.D. Cal. 2001) .......... 7

Easton v. Crossland Mortg. Corp., 114 F.3d 979 (9th Cir.1997) .......... 8

Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) ...................... 4

Federal Nat. Mortg. Ass'n. v. Bridgeman, No. 2:10-CV-02619 JAM, 2010 WL 5330499, at * (E.D. Cal., Dec. 20, 2010) .................................. 10, 11

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ........................................... 4

Gotro v. R & B Realty Group, 69 F.3d 1485 (9th Cir. 1995) ................................ 14

Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005)............................................................................................. 9

Gunn v. Minton, 568 U.S. 251 (2013) ............................................................. 9, 14

Kokhanovski v. TD Bank USA, N.A., No. 122CV01552JLTCDB, 2023 WL 5348361, at * (E.D. Cal., Aug. 21, 2023)............................................... 13

Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ........................................................................................................... 4

Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003)............................................................................................. 8

Lott v. Pfizer, Inc., 492 F.3d 789, 794 (7th Cir. 2007) ......................................... 12

Lovas v. Inclinator Co. of Am., Inc., No. 222CV00627APGNJK, 2022 WL 1137859, at * (D. Nev. Apr. 18, 2022) ................................................... 7

Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) ........................................ 12

Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ............................................................................................... 5

MFC Twin Builders, LLC v. Fajardo, No. 1:12-cv-00219-AWI-SKO, 2012 U.S. Dist. LEXIS 126201 (E.D. Cal. Sep. 4, 2012)................................ 14

Nan Hanks & Assocs. v. Original Footwear Co., No. 2:17-cv-00027-TLN-KJN, 2018 U.S. Dist. LEXIS 106926 (E.D. Cal. June 25, 2018) ........................................................................................................... 12

Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)............................................................................................. 4

Pacific Life Ins. Co. v. J.P. Morgan Chase & Co., No. SA CV 03-813GLT(ANX), 2003 WL 22025158, at * (C.D. Cal., June 30, 2003) ........................................................................................................... 14

Petersen Law Firm v. City of Los Angeles, No. CV 09-02344 GAF MANX, 2009 WL 1505180, at * (C.D. Cal., May 26, 2009) .......................... 10

Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009)...................................................................................... 4

Rodriguez v. City of Fresno, No. 1:16-cv-268-LJO-SAB, 2016 U.S. Dist. LEXIS 38108 (E.D. Cal. Mar. 22, 2016) ................................................ 13

Shelley's Total Body Works v. City of Auburn, No. C 07-126 P, 2007 WL 765205, at * (W.D. Wash. Mar. 9, 2007) .......... 8

Singer v. State Farm Mut. Auto. Ins. Co., 119 F.3d 373, 376 (9th Cir. 1997) .......... 5

Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th Cir. 1985) .......... 4

US Bank N. A. as Trustee for TST Home Equity Asset Trust 2005-1 v. Morris, No. 3:18-CV-00404-SB, 2018 WL 6737321, at * (D. Or., Nov. 6, 2018) .......... 10

Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) .......... 7

**STATUTES**

15 U.S.C. § 1681 .......... 2, 7, 9

28 U.S.C. § 1331 .......... 1, 3, 7, 15

28 U.S.C. § 1332 .......... 6

28 U.S.C. § 1367 .......... 11

28 U.S.C. § 1441 .......... 4, 5

28 U.S.C. § 1446 .......... 1, 6

28 U.S.C. § 1447 .......... 1, 4, 5, 12

28 U.S.C. § 1452 .......... 14

Cal. Civ. Code  1785.25 .......... 9

Cal. Civ. Code § 1785.16 .......... 1, 2

Fed. Rules of Civ. Pro., R. 11 .......... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff ANTOINETTE HANSON (hereinafter, "Plaintiff") brought this action in California State Superior Court for the County of Ventura in order to enforce their rights under the California Consumer Credit Reporting Agencies Act ("CA CCRAA"), Cal. Civ. Code § 1785.16, *et seq.* against Defendants TRANS UNION LLC and their confederate EXPERIAN INFORMATION SOLUTIONS, INC. because they unjustifiably disregarded Plaintiff's rights thereunder. All of the claims that Plaintiff makes on the face of their pleading arise under *California* State Law and provide zero basis for either Diversity of Citizenship or any Federal Question sufficient to confer Original Jurisdiction upon this Court. Therefore, Defendant TRANS UNION LLC's (hereinafter, "Defendant") removal of this matter on the basis of Federal Question Jurisdiction under 28 U.S.C. § 1331 is invalid and improper. Defendant also failed to remove this action within thirty (30) days of service of the very pleading that forms the basis for its removal, and its removal is therefore procedurally improper under 28 U.S.C. § 1446(b).

The issues to be presented here are as follows: whether the face of Plaintiff's Pleadings filed in the Superior Court of the State of California state a sufficient, valid, and proper basis for Original Jurisdiction in this Court. The answer to this question is an unequivocal "no," and this Court must therefore remand this matter to the Court from whence it was improperly removed pursuant to 28 U.S.C. § 1447(c).

Furthermore, Defendant never had a good faith basis for removal. The abundance of authority addressing this issue, whether a claim under CA CCRAA is a Federal Question, plainly forecloses any reasonable basis for Removal Jurisdiction. The caselaw equally conflicts directly with Defendant's claim that a related federal action provides, in and of itself, a basis for jurisdiction. Therefore, not only is remand necessary, but awarding Plaintiff their attorney's fees is warranted.

## II. STATEMENT OF FACTS

Plaintiff initiated this action because of Defendant's gross mishandling and misrepresentation of their personal, consumer financial information in violation of Section 1785.16 of the CA CCRAA. Dkt. No. 1-1. Plaintiff's complaint contains a single cause of action, to wit, Count I for Defendant's violation of the CA CCRAA which Plaintiff brings expressly under Section 1785.16. Dkt. No. 1-1 at pp. 7 – 8 of 10.

Plaintiff's pleadings contain a demand for all actual, statutory, and punitive damages allowable by Law as well as attorney's fees and costs under the CA CCRAA. Dkt. No. 1-1 at pp. 8:23 – 9:1 of 10. Plaintiff makes absolutely no demand for recovery under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* whatsoever, and in fact, Plaintiff plainly pleads the recovery that they seek under the section directly following their single count for Defendant's violation of the CA CCRAA titled "**PRAYER FOR RELIEF**" (*emphasis in original*) wherein they pray for actual and statutory damages as well as attorney's fees and costs expressly under the provisions of the California Civil Code to which said counts apply. Id.. Even under Plaintiff's single count for Defendant's violation of the CA CCRAA, Plaintiff plainly pleads recovery only under the remedies provision thereof, namely Section 1785.31. Dkt. No. 1-1 at pp. 8:19-23 of 10, ¶ 41.

Plaintiff refers to the FCRA in **two (2)** paragraphs under a section of their complaint titled "**III. THE PARTIES**" (*emphasis in original*) without any accompanying prayer for relief under the FCRA or any reference thereto under Plaintiff's factual section or their single count for Defendant's CA CCRAA violation. Dkt. No. 1-1 at pp. 3, ¶¶ 5 & 6. The FCRA appears in the section defining the parties where there are accompanying definitions under the CA CCRAA. Id.. That is, the Complaint describes one (1) California State Law cause of action in the caption page, followed by allegations of Defendant's laying our Defendant's violation of the CA CCRAA and Plaintiff's claim for relief. Dkt. No. 1-1.

Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is an Ohio Corporation headquartered in the State of California. Request for Judicial Notice, Exhibit A.

## III. PROCEDURAL HISTORY

On January 30, 2024, Plaintiff initiated this action in the Superior Court of the State of California for the County of Ventura, Case No. 2024CLNP020021. Dkt. No. 1-1 at pp. 2.

On March 6, 2024, Defendant answered Plaintiff's Complaint. Dkt. No. 1-6.

On March 14, 2024, Plaintiff filed a partial settlement notice as to Defendant EQUIFAX INFORMATION SERVICES, LLC, and their dismissal was entered on April 26, 2024. Dkt. No. 1-8; and Declaration of Judith K. Robenzadeh, Esq. ("JKR Decl.") at ¶ 11.

On March 22, 2024, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. demurred to Plaintiff's Complaint noticed for hearing on May 7, 2024, and Plaintiff filed their opposition thereto on March 26, 2024. Dkt. No. 1-9 & 1-10.

On April 8, 2024, Defendant filed a motion to quash service of Plaintiff's deposition notice of Defendant's Person Most Knowledgeable. Dkt. No. 1-11.

On April 9, 2024, Plaintiff filed their opposition to Defendant's motion to quash service of Plaintiff's notice of Defendant's Person Most Knowledgeable's deposition. Dkt. No. 1-12.

On Aril 19, 2024, Defendant removed this case to the Central District. Dkt. No. 1. Defendant's sole basis for jurisdiction is Federal Question Jurisdiction under 28 U.S.C. § 1331. Id.

On April 19, 2024, Defendant filed a notice of related case pending in this Court and ***not*** pending in any Bankruptcy Petition. Dkt. No. 4.

## IV. LEGAL ARGUMENT

There is no basis for jurisdiction in this District Court as stated on the face of Plaintiff's well-plead Pleading. Defendant's sole basis for Removal is Federal Question under 28 U.S.C. § 1331, but the face of Plaintiff's Pleadings is utterly

devoid of any Federal Question. The CA CCRAA is a California Law that is neither preempted nor reliant upon any Federal Law, and mere reference to a federal law does not make a pleading arise thereunder. Relation, assuming there is one, to a case pending in this Court does not along confer jurisdiction. Shameful it is that there is an abundance of Caselaw addressing the precise issues upon which Defendant removed, yet they removed anyway.

Therefore, Defendant's Removal was improper from its inception, and in addition to remanding, this Court needs to Grant Plaintiff's Request for their attorney's fees pursuant to 28 U.S.C. § 1447(c).

**A. LEGAL STANDARD**

Removal jurisdiction pursuant to 28 U.S.C. § 1441 is not something that the Court traditionally hands to defendants on a whim. Quite the opposite: removal jurisdiction is to be construed strictly to the extent that it is practically discouraged. To say the least, it is not something defendants can be permitted to abuse, and it is right restricted to use only when the basis for jurisdiction absolutely obvious.

Courts strictly construe 28 U.S.C. § 1441 against finding jurisdiction, and removing defendants bear the burden of establishing the basis for removal. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). This Court "strictly construe[s] the removal statute against removal jurisdiction". Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing* Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), *and* Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance". *Id.* (*citing* Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper". *Id.* (*citing* Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), *and* Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)). In other words, doubts in the propriety of removal must be resolved in favor of remand to

the state court from which the matter was removed. *See* Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Furthermore, the amount in controversy must be clear on the face of the pleadings, and when it is not, the removing party must provide evidence showing that it is more likely that not in excess of $75,000.00. Corral v. Specialized Loan Servicing, Inc., 878 F.3d 770, 775 (9th Cir. 2017) (*citing* Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090; *and* Singer v. State Farm Mut. Auto. Ins. Co., 119 F.3d 373, 376 (9th Cir. 1997) ([w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000.00])). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090-91.

Moreover, when the Pleadings are *silent* the amount in controversy, the removing defendant has to prove that the amount in controversy is satisfied, and when the plaintiff moves for remand, the removing defendant must present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal". Singer v. State Farm Mut. Auto. Ins. Co., 119 F.3d 373, 377.

The plain language of the statute governing remand supports the necessity of remand in the face of mere doubts in the propriety of removal, to wit, "[i]f at any time before final judgment it ***appears*** that the district court lacs subject matter jurisdiction, the case ***shall*** be remanded". 28 U.S.C. § 1447(c) (*emphasis added*).

Removal Jurisdiction, pursuant to 28 U.S.C. § 1441, *et seq.*, must be based on the existence of either Federal Question or Diversity of Citizenship. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Based on the plain face of the complaint at the time of removal, it must be the case that it could have been originally brought in the District Court to which it was removed, i.e., the District Court must have *original* jurisdiction over the matter for it to be removable in the first place. *Id.*.

Here, there is no Federal Question. The CA CCRAA is simply not a Federal

Question, reference to the FCRA ***in the fact section*** does not give rise to *arising under* jurisdiction, and Defendants' statement to the contrary are the result of either inexcusable ignorance or bad faith. Therefore, this Court never had Original Jurisdiction over this matter, and the Court must remand this case back to the Superior Court of the State of California.

**B. THERE IS NO DIVERSITY OF CITIZENSHIP**

As a preliminary matter, there is no diversity of citizenship as Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is a citizen of the State of California and therefore is a forum state defendant, and any issue re potential jurisdiction under 28 U.S.C. § 1332 is hereby discharged.

**C. REMOVAL IS UNTIMELY**

Federal Removal statutes plainly state that removal must be accomplished within thirty (30) days of when the pleading subject thereto is served on the removing party. 28 U.S.C. § 1446(b)(1). Defendant's claim that it removed this action ". . .within [30] days after Defendant [] was served with the Federal Complaint, through which [Defendant] ascertained that the Superior Court Case has now become removable" is absurd as there was never any amendment to make Plaintiff's action removable. Dkt. No. 1-1 at pp. 4:21-24; *citing* 28 U.S.C. § 1446(b)(3). There is no ". . .amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. § 1446(b)(3). Plaintiff filed this action and served Defendant shortly thereafter on January 30, 2024 without amending the pleading, but Defendant did not remove until April 19, 2024 which is more than 30 days after Defendant answered. Dkt. No. 1, 1-1, & 1-6. Defendant's removal is therefore untimely.

Insofar as Defendant is relying on a "revival" exception theory to the 30-day removal window, such an argument fails as it requires an *amendment* to the pleadings that fundamentally changes the nature of the action such that it is a new lawsuit that is removable, but Plaintiff has not amended the pleadings. *See* Lovas

v. Inclinator Co. of Am., Inc., No. 222CV00627APGNJK, 2022 WL 1137859, at *1 (D. Nev. Apr. 18, 2022) (notwithstanding the fact that the Ninth Circuit has not adopted the *revival* exception, the Court found that amendment merely dismissing some claims does not fundamentally change the case's nature). The Court also noted that "[d]istrict courts within the Ninth Circuit have expressed skepticism about the propriety of such an exception, given that the removal statutes are to be strictly construed". *Id.*; *citing e.g.,* Brown v. Rivera, No. 2:15-CV-01505-CAS, 2015 WL 2153437, at *5 (C.D. Cal. May 6, 2015); *and* Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1279 (C.D. Cal. 2001).

**D. THERE IS NO FEDERAL QUESTION**

The CA CCRAA is a *California* State law, but Defendant claims, despite the abundance of authority to the contrary, that since Plaintiff literally *mentions* the FCRA in a few places in the complaint, this somehow makes it a Federal Question. Plaintiff's well-plead CA CCRAA claim is neither itself a Federal Question nor does it rely on a substantial Federal Question. Therefore, there is no jurisdiction in the case at bar under 28 U.S.C. § 1331, and removal was improper insofar as it was based on Federal Question.

Federal Question jurisdiction is determined by the well-pleaded complaint rule whereby the Court examines whether the face of the Plaintiff's properly plead complaint states a question of federal law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392. The plain face of the complaint must show "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008). Furthermore, "[t]he well-pleaded complaint rule 'makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law'." Barefield v. HSBC Holdings PLC, 2018 U.S. Dist. LEXIS 207276 *6, 7 (E.D. Cal. 2018) (*quoting* Balcorta v. Twentieth Century—Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000); *and citing*

Caterpillar Inc. v. Williams, 482 U.S. at 399 ("the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court")). In other words, even if a cause of action may be properly plead under Federal Law, if it may also be properly plead under State Law, then the plaintiff may chose to plead the cause of action under State Law and completely avoid the jurisdiction of the Courts of the United States of America as a matter of litigation strategy.

First of all, insofar as Defendant claims that Plaintiff expressly pleads a cause of action under the FCRA and that Defendant did not remove on the basis that Plaintiff's causes of action *Arise Under* federal law, this is utterly erroneous as Plaintiff's pleading plainly shows only one (1) cause of action under state law both in literal form and substance. Defendant seems to believe that since Plaintiff mentions the FCRA in a few paragraphs in their Complaint, they have therefore plead a federal cause of action, but this does not comport with the law. Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir.1997) ("mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists"); *accord* Campbell v. AmericanTours Int'l, LLC, No. C 13-00323 RS, 2013 WL 894797, at *1 (N.D. Cal. Mar. 8, 2013); *and* Shelley's Total Body Works v. City of Auburn, No. C 07-126 P, 2007 WL 765205, at *2 (W.D. Wash. Mar. 9, 2007).

Bear in mind that it is axiomatic that a cause of action must contain more than a mere claim that a law was violated, rather, a cause of action is composed of both a breach of one's rights and a prayer for relief. Here, the pleadings are missing any prayer for relief for any FCRA violation.

Whether a cause of action was artfully plead and therefore properly characterized as a Federal Question depends on whether the purported State cause of action either is completely preempted by Federal Law or depends on a substantial question of Federal Law. Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Plaintiff's CA CCRAA claim is not *completely* preempted by the FCRA or any other Federal Law. 15 U.S.C. § 1681t(b)(3)(A); *cf.* Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1169 (9th Cir. 2009) ("Section 1681t(b)(1)(F), the FCRA's preemption provision, expressly exempts *this subsection* -- California Civil Code section 1785.25(a) -- from its general exclusion of state law claims on matters governed by § 1681s-2"). In short, the portion of the CA CCRAA under which Plaintiff brings this suit is not preempted. 15 U.S.C. § 1681t(b)(3)(A). It naturally follows that whether Plaintiff has artfully plead their CA CCRAA claim depends on whether his CA CCRAA claim relies on a substantial question of Federal Law. The answer, however, is clearly that it does not rely on any substantial question of Federal Law.

The test for whether a State Law claim relies on a substantial question of Federal Law, or implicates "arising under jurisdiction," was expressed as a four factor test in Gunn v. Minton, 568 U.S. 251 (2013), to wit,

> . . .federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.

*Id.* at 258 (*citing* Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005)). More than merely the need to apply federal law is required to implicate "arising under jurisdiction". Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14.

Here, Plaintiff's CA CCRAA cause of action falls short of all of the Gunn factors. Plaintiff need not actually cite any of the provisions of the FCRA in order to make out a claim under the CA CCRAA, rather, the do so only for convenience. As to whether any claim under the FCRA is actually disputed, they are not. Furthermore, there is no substantial issue raised under the FCRA.

The fourth Gunn factor fails because finding a Federal Question merely

because the CA CCRAA incorporates *part* of the FCRA disrupts the federal-state balance approved by Congress. That is, Congress built an exception to the preemption into the FCRA for Section 1785.16 of the CA CCRAA, and for this Court to find a Federal Question would amount to ignoring Congress' intent of excluding the CA CCRAA from preemption. 15 U.S.C. § 1681t(b)(3)(A).

Defendant's claim that the case at bar is related to Antoinette Hanson v. Experian Information Solutions, Inc et al, Case No. 2:24-cv-02534-MRA-JC therefore establishing *arising under* jurisdiction fails because it directly conflicts with the extreme weight of authority as not one single Court in the Ninth Circuit has ever accepted such a basis for removal while Courts in the Ninth Circuit have in fact expressly ***REJECTED*** it. Federal Nat. Mortg. Ass'n. v. Bridgeman, No. 2:10-CV-02619 JAM, 2010 WL 5330499, at *2 & 5 (E.D. Cal., Dec. 20, 2010) (relation to a Federal Action does not confer jurisdiction)[1]; Petersen Law Firm v. City of Los Angeles, No. CV 09-02344 GAF MANX, 2009 WL 1505180, at *2 (C.D. Cal., May 26, 2009); *and* US Bank N. A. as Trustee for TST Home Equity Asset Trust 2005-1 v. Morris, No. 3:18-CV-00404-SB, 2018 WL 6737321, at *1 (D. Or., Nov. 6, 2018)[2]. The Court in Federal Nat. Mortg. Ass'n. v. Bridgeman addressed the argument at length:

> Several courts have correctly rejected the premise that a state law claim may be removed to federal court on the basis of a related case in federal court. *See, e.g., Frabricus v. Freeman,* 466 F.2d 689, 693 (7th Cir.1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); *In re Estate of Tabas,* 879 F.Supp. 464, 467 (E.D.Pa.1995) ("[T]he supplemental jurisdiction statute does not allow a party to

[1] *report and recommendation adopted sub nom.* Federal National Mortgage Association v. Bridgeman, 2011 WL 13242970 (E.D. Cal., Mar. 2, 2011).
[2] *report and recommendation adopted* 2019 WL 1281279 (D. Or., Jan. 4, 2019, No. 3:18-CV-00404-SB).

> remove an otherwise unremovable action to federal court for consolidation with a related federal action."); *see also Residential Funding Real Estate Hldgs., LLC v. Chavez,* No. CV 10–04488 MMM (JCGx), 2010 WL 3220065, at *2–3 (C.D.Cal. Aug.12, 2010) (unpublished) (concluding that removal of unlawful detainer action to federal court was not proper simply because defendant was also a plaintiff in a related case involving the same property and parties that was already pending in federal court); *U.S. Bank Nat'l Ass'n v. Lasoff,* No. CV 10–00235 MMM (RCx), 2010 WL 669239, at *1 (C.D.Cal. Feb.23, 2010) (unpublished) ("When none of the claims in the action provide an independent basis for federal jurisdiction, supplemental jurisdiction does not come into play. A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action."); *Orcilla v. Bank of Am.,* No. C10–03931 HRL, 2010 WL 3834330, at *1 (N.D.Cal. Sept.27, 2010) (unpublished) (same); *Flower v. Wachovia Mortgage FSB,* No. C 09–343 JF (HRL), 2009 WL 975811, at *9 (N.D.Cal. Apr.10, 2009) (unpublished) (stating that "it is well-settled that '[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction' " (citation omitted)).

Federal Nat. Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *5; *and* 28 U.S.C. § 1367.

There is no basis for Federal Question jurisdiction here. Defendant's continued maintenance of a position to the contrary is in bad faith. Therefore, the Court must find that removal was improper insofar as it depends on Federal Question.

**E. PLAINTIFF'S COUNSEL ATTEMPTED INFORMAL RESOLUTION PRIOR TO BRINGING THIS MOTION**

Prior to bringing this motion, Plaintiff's counsel, Judith K. Robenzadeh, Esq., met and conferred with Defendant's counsel in an effort to informally resolve it. JKR at ¶¶ 2 – 4. However, their efforts were to no avail.

**F. REMOVAL WAS OBJECTIVELY UNREASONABLE UNDER THE CIRCUMSTANCES OF THIS CASE, AND THE COURT SHOULD THEREFORE AWARD PLAINTIFF THEIR ATTORNEY'S FEES**

Attorney fees and costs for a plaintiff who brings a successful motion to remand are expressly permissible under 28 U.S.C. § 1447(c) as it states in pertinent part "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal".

Whether attorney fees should be awarded under 28 U.S.C. § 1447(c) depends on the reasonableness of removal. Martin v. Franklin Capital Corp., 546 U.S. 132 (2005); *and* Nan Hanks & Assocs. v. Original Footwear Co., No. 2:17-cv-00027-TLN-KJN, 2018 U.S. Dist. LEXIS 106926 (E.D. Cal. June 25, 2018) (objectively *unreasonable* to remove when based on defendant changing citizenship after the complaint was filed). The reasonableness here must be *objective*, and "[t]he test is ***whether the relevant case law clearly foreclosed the defendant's basis of removal***, not whether the defendant had some special insight into the legislative process". Lott v. Pfizer, Inc., 492 F.3d 789, 794 (7th Cir. 2007) (*emphasis added*). In the case at bar, the relevant caselaw absolutely, without any hint of equivocation whatsoever, forecloses the question of whether a CA CCRAA claim is a Federal Question. Moreover, the caselaw clearly holds that mere reference to federal laws does not give rise to a Federal Question in a complaint. There is abundant caselaw

expressly stating that relation to a case pending a District Court does not provide a basis for jurisdiction. There is absolutely nothing in the realm of legal research that would give Defendant or its counsel any reason to believe removal is proper.

Basically, when the law is clear, it is unreasonable for a defendant to remove in contradiction of it. Rodriguez v. City of Fresno, No. 1:16-cv-268-LJO-SAB, 2016 U.S. Dist. LEXIS 38108 (E.D. Cal. Mar. 22, 2016). Here, the law is abundantly clear that the CA CCRAA is ***NOT*** a Federal Question, that mere reference to federal laws does not create a Federal Question, and relation to a pending Federal Action does not in and of itself confer jurisdiction. Therefore, Defendant had no reasonable basis for removal, and they should pay Plaintiff's attorney's fees.

Even the FCRA expressly states that the very provision of the CA CCRAA under which Plaintiff pleads Defendant's CA CCRAA violation, namely Section 1785.16, is *excluded* from preemption. FCRA, 15 U.S.C. § 1681t(b)(3)(A).

The Central District has addressed issues of whether reference to the FCRA as well as Federal *defenses* may give rise to Federal Question Jurisdiction and held in the negative. *E.g.,* Alan v. Austin Capital Bank, SSB, No. CV 19-9618 PA (AFMX), 2019 WL 6002406, at *2 (C.D. Cal. Nov. 12, 2019) (in remanding removal of a CA CCRAA case on the basis of FCRA preemption, the Court noted that "[I]t is 'settled law that a case may not be removed to federal court on the basis of a federal defense. . ." [*citation omitted*]); *and* Kokhanovski v. TD Bank USA, N.A., No. 122CV01552JLTCDB, 2023 WL 5348361, at *3 (E.D. Cal., Aug. 21, 2023) (same).

Moreover, relation to a pending Federal Action, save for specific circumstances such as Bankruptcy, does ***NOT*** confer Subject Matter Jurisdiction as explained above. *Cf.* County of San Mateo v. Chevron Corporation (9th Cir. 2022) 32 F.4th 733[3] (rejecting various arguments for removal including without limitation

[3] *cert. denied sub nom.* Chevron Corporation v. San Mateo County, California (2023) 143 S.Ct. 1797.

reference to federal enclave rule and relation to Bankruptcy petitions); *and* Pacific Life Ins. Co. v. J.P. Morgan Chase & Co., No. SA CV 03-813GLT(ANX), 2003 WL 22025158, at * (C.D. Cal., June 30, 2003) (removal was proper under 28 U.S.C. § 1452 for "related to" jurisdiction as matter related to a pending Bankruptcy Petition).

What this means is that there is simply no honest and objectively reasonable way that Defendant or their counsel could have believed that they had a basis for removal. Even Gunn v. Minton is a case that is often studied in 1L Civil Procedure courses as a lesson on how difficult it is to find a Federal Question based on anything other than expressly stating a cause of action under a Federal Statute.

Note that the fact that Plaintiff is represented by counsel on a contingency fee basis does not require denying fees. Gotro v. R & B Realty Group, 69 F.3d 1485 (9th Cir. 1995). In fact, the risk that Plaintiff's counsel is taking is an additional reason for why fees are so important under the circumstances because Defendants are making Plaintiff's counsel work on this matter instead of putting their energy towards other matters.

Moreover, the Court should note that the Eastern District has sanctioned attorneys under circumstances similar to those in the case at bar. *E.g.,* MFC Twin Builders, LLC v. Fajardo, No. 1:12-cv-00219-AWI-SKO, 2012 U.S. Dist. LEXIS 126201 (E.D. Cal. Sep. 4, 2012) (defense counsel was sanctioned under Rule 11 (c)(2) for removing a *state* law claim on the basis of federal question). One of the policies guiding Rule 11 sanctions against attorneys is discouraging misconduct and sharp practices, and issuing sanctions against Defendant's counsel under the circumstances here well serves this policy. Although Plaintiff is not asking that Defendant's counsel be sanctioned, ordering Defendant to pay Plaintiff's attorney's fees for bringing this motion is sufficient.

The caselaw governing the issues here is not particularly obscure or esoteric, and uncovering Ninth Circuit opinions directly on point was accomplishable with only a few hours of legal research on WestLaw and using what one would imagine

are obvious search queries such as "removal CCRA," "removal reference to federal," and "removal jurisdiction related case". JKR Decl. at ¶¶ 5 – 8.

The Court should also take note of the procedural history of this case as Defendant appears to have removed it for the sole purpose of avoiding an effectively inevitable unfavorable ruling on its motion to quash service of Plaintiff's deposition notice of Defendant's Person Most Knowledgeable. JKR Decl. at ¶¶ 14 – 18. This suggests that Defendant removed simply to halt and delay the action rather than in any actual hope that the Court would retain jurisdiction.

Finally, removal in cases such as our present one is becoming common, but awards of attorney's fees is, however, unfortunately uncommon. JKR Decl. at ¶¶ 19 & 20. It would seem that the Court has made removal under the present circumstances a tool that Defendant can use with impunity.

Plaintiff's counsel has expended nine and one half (9.5) hours bringing this motion at a reasonable hourly rate of $600.00 for a total of $5,700.00. JKR Decl. at ¶¶ 21 – 23.

## V. <u>CONCLUSION</u>

Removal was never proper in this case. Defendant had no facially valid reason whatsoever for removing this case under 28 U.S.C. § 1331. Therefore, this Court should remand this case back to the Superior Court of the State of California, and, given that Defendant had no basis for removal to begin with, this Court should award Plaintiff their attorney's fees especially considering that Defendant will not cease engaging in such tactics without facing the real possibility of paying a price for their opponent's efforts to remand.

Respectfully Submitted,

Dated: May 27, 2024 By: <u>/S/ *Judith K. Robenzadeh, Esq.*</u>
Judith K. Robenzadeh, Esq. (SBN# 305318)
Counsel for Plaintiff
ANTOINETTE HANSON

# CERTIFICATE OF SERVICE

United States District Court – Central District of California
Case Number: 2:24-cv-03248-JAK-MRW

On the date below, I served a copy of the foregoing document entitled:

**PLAINTIFF ANTOINETTE HANSON'S NOTICE OF MOTION AND MOTION FOR REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c); MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

***Served Electronically Via the Court's CM/ECF System:***

| | |
|---|---|
| Kyle E. Pietrzak, Esq.<br>kpietrzak@qslwm.com<br><br>Attorney for Defendant TRANS UNION LLC | |

***Served Electronically Via Email:***

| | |
|---|---|
| | Courtney P. O'Connor<br>courtneyoconnor@jonesday.com<br><br>Defendant EXPERIAN INFORMATION SOLUTIONS, INC. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

May 27, 2024

Judith K. Robenzadeh, Esq.
(Type or Print Name)

*/s/ Judith K. Robezadeh*
(Signature of Declarant)