Kyle Pietrzak (State Bar No. 268739)
kpietrzak@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5460
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINETTE HANSON,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No. 2:24-cv-03248-MRA-MRW<br><br>Honorable Mónica Ramírez Almadani<br><br>**DEFENDANT TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 15, 2024<br>Time: 8:30 p.m.<br>Ctrm.: 10B |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant Trans Union LLC ("Trans Union") and files its Opposition to Plaintiff's Motion to Remand and Request for Attorney Fees and Costs (the "Motion to Remand") Pursuant to 28 U.S.C. § 1447(c), and would respectfully show the Court as follows:

## I. SUMMARY

As detailed in Trans Union's Notice of Removal (ECF No. 1), its compelling exhibits, and Trans Union's Motion to Consolidate Cases (ECF No. 10), Plaintiff is seeking damages for identical claims in parallel Superior and Federal Court proceedings. In the simplest terms, Plaintiff alleges that her debt to Merrick Bank stems from identity theft and that when she disputed the accuracy of the account reporting on her Trans Union credit file, Trans Union failed to reasonably reinvestigate and remove the Merrick account, along with other accounts.

Despite Plaintiff's attempt to convince the Court that only one of her two factually indistinguishable cases involves a federal question, common sense says otherwise. As Justice Sotomayor articulated in a recent dissenting opinion, "When I see a bird that walks like a duck, swims like a duck, and quacks like a duck, I call that bird a duck." *Garland v. Cargill*, No. 22-976, 2024 WL 2981505, at *11 (U.S. June 14, 2024)). Put simply, it is evident that the Plaintiff is pursuing the same FCRA and identical CCRAA claims in parallel proceedings surrounding the alleged identity theft and credit reporting claims involving the reporting of a Merrick Bank account. Therefore, in the interest of justice, equity, and efficiency, the Court should deny the Plaintiff's Motion to Remand and clear the path for consolidation of the parallel cases and the efficient adjudication of plaintiff's credit reporting claims.

## II. TRANS UNION'S RESPONSE IN OPPOSITION

### A. Removal of Parallel Proceeding is Just and Proper

Removal of this case is proper under 28 U.S.C. § 1441(b), because Plaintiff's claims brough in the Superior Court present the same federal question as those she brings in federal court. Typically, the presence or absence of a federal question is governed by the "well-pleaded-complaint rule," which provides that federal jurisdiction exists when a federal question is presented on the face of plaintiff's pleading. *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987); *Barbour v. Int'l Union*, 594 F.3d 315, 326

(4th Cir. 2010). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar,* 482 U.S.392, *Barbour,* 594 F.3d at 327.

However, this general rule should not permit a Plaintiff to pursue identical claims simultaneously in State and Federal Court. The evidence submitted in support of the Notice of Removal and Motion to Consolidate Cases demonstrates that Plaintiff's Superior Court and Federal Court complaints allege identical contentions, involving the same parties, factual circumstances, and overlapping claims of the same state (CCRAA) and federal (FCRA) credit reporting laws, in addition to what Plaintiff refers to in her Joint Rule 26(F) Report inserts as additional Federal claims under the FDCPA. Remanding the Superior Court Claim while allowing the Federal Court claims to proceed would be inefficient, unjust and create potential for inconsistent rulings or judgments.

The basis of Trans Union's federal question removal does not rely exclusively on the fact Plaintiff refers to the FCRA in her Complaint, the Complaint's use of FCRA language, concepts not found in the CCRAA, and the possibility that her claims could be brought under either statute, or both.[1] Trans Union asks this Court to view Plaintiff's Complaint with a wide lens, and by using Plaintiff's Federal Complaint as a cipher, determine that her Superior Court case does indeed involve a federal question and that removal is appropriate. For example, Plaintiff's originally filed Superior Court Complaint alleges that Trans Union "failed to conduct any form

---

[1] The CCRAA's § 1785.14(b) and § 1785.16 are simply California state-law counterparts to the FCRA's § 1681e(b) and § 1681i. *See Radcliffe v. Experian Info. Sols.*, 715 F.3d 1157, 1161 (9th Cir. 2013). "Because the [CCRAA] is substantially based on the [FCRA], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003) (citing *Kahn v. Kahn*, 68 Cal. App. 3d 372, 387 (1977)).

of investigation into the alleged debt following Plaintiff's notice of dispute." *See* ECF No. 1, Exhibit B, Para. 17. In Plaintiff's Federal Complaint, she likewise alleges identical claims under the FCRA that Trans Union "willfully and negligently fail[ed] to correct and/or delete the incomplete and inaccurate information in Plaintiff's [Trans Union] file after conducting an investigation." *See Hanson v. Merrick Bank et al.*, 2:24-cv-02534, ECF No. 3, Para. 13c.

As further evidence that this case should be removed, Trans Union points to the following excerpts from Plaintiff's submissions in the recently filed Joint Rule 26(F) Report (ECF No. 21):

> I. Statement of the Case
>
> Plaintiff: …The Plaintiff alleges that the Defendants violated the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA) by continuing to contact and record her after she had revoked consent and notified them of her legal representation. The Plaintiff is a victim of identity theft and had notified the Defendants of this fact, but they continued their collection efforts, nonetheless. *See* Id. at p. 2.
>
> II. Principle Issues
>
> Plaintiff: … The legal issues in this case revolve around the alleged violations of the FDCPA and RFDCPA, post notice of the identity theft collection attempts, and the alleged unauthorized contact and recording of Plaintiff's voice. The court will need to determine whether Defendants' actions constituted violations of these laws and whether Plaintiff's identity theft claim absolves her of the alleged debt. *Id.* at p. 4.
>
> V. Discovery
>
> Plaintiff needs discovery on the following subjects: Defendants' policies and practices for collections; Defendants' call logs to Plaintiff; Defendants' collection file, including account notes, on Plaintiff's account; Defendants' policies and procedures for compliance with the FDCPA and RFDCPA; and evidence related to the alleged identity theft, including any communications or documents related to Plaintiff's claim of identity theft, any investigations

conducted by Defendant into the alleged identity theft, and any actions taken by Defendant in response to the alleged identity theft. *Id.* at p. 6.

VII. A. Damages

Pursuant to 15 U.S.C. § 1692k, Plaintiff seeks up to $1,000 for violation of the federal Fair Debt Collection Practices Act. Pursuant to Cal. Civ. Code § 1785.25(a). *Id.* at p. 7-8.

Finally, Trans Union's Notice of Removal was timely pursuant to 28 U.S.C. § 1446(b)(3) because it was filed within thirty (30) days after Trans Union was served with the Federal Complaint, which caused Trans Union to promptly recognize that Plaintiff has now commenced a second lawsuit involving the same parties, facts, and legal contentions surrounding the same set of facts (that the Merrick Bank account was a fraudulent account and its reporting on Plaintiff's credit file resulted in alleged damages). On April 19, 2024, Trans Union, joined by Experian, filed a Notice of Removal of the Superior Court Case. Therefore, the Plaintiff's Federal Complaint to Trans Union should be deemed "the other paper from which it may first be ascertained that the [Superior Court Case] is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b). Accordingly, Trans Union's removal was timely and Plaintiff's remand should be denied.

**B. Plaintiff's Citation to Bridgeman is Misplaced**

Plaintiff cites to *Federal Nat. Mortg. Ass'n v. Bridgeman* ("Bridgman") for the principle that there mere "relation" to a Federal Action does not confer jurisdiction. Interestingly, not only is *Bridgman* not a credit reporting case, but does not share what this case has before this court – identical claims based on identical alleged credit reporting behavior and activity. Unlike *Bridgman* and it progeny, the claims in this case and the Federal Complaint are identical credit reporting claims based on the same alleged disputes purportedly sent to Trans Union alleging inaccuracy (and fraud) of a Merrick Bank account (amongst others). Plaintiff never

addresses that issue in her Motion for Remand because she knows both lawsuits involve the same contentions against Trans Union.

### C. Trans Union Had a Reasonable Basis to Remove This Case, Making Plaintiff's Request for Attorney's Fees Inappropriate

To the extent a remand is considered by this Court, Plaintiff's request for attorney's fees should be denied. Because Plaintiff's parallel cases are factually indistinguishable, Trans Union had an "objectively reasonable basis" to remove this action under federal question jurisdiction, precluding an award of fees and costs. (*Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005); see also *Chavez v. Gen. Motors, LLC*, No. CV 17-5805-AB (ASX), 2017 WL 4685011, at *5 (C.D. Cal. Oct. 18, 2017); *Boxer v. Accuracy Inc*., 906 F. Supp. 2d 1012, 1017 (N.D. Cal.)).

Furthermore, Trans Union did not act in bad faith by removing this case. Removal is not objectively unreasonable simply because it may ultimately be unsuccessful. (*Dejong v. Prod. Assocs., Inc*., No. CV 14-02357 MMM DTBX, 2015 WL 1285282, at *8 (C.D. Cal. Mar. 19, 2015)). Trans Union sought federal jurisdiction, and consolidation, once it became apparent that Plaintiff was pursuing identical claims for the same alleged violations of state and federal credit reporting statutes in parallel proceedings. In removing this case, Trans Union did not intend to delay litigation or prejudice Plaintiff. In fact, to seek an efficient resolution and to avoid unnecessary duplication of efforts and the risk of inconsistent judgments, Trans Union filed a Motion to consolidate the two cases involving the same contentions and alleged activity at issue. Once removed and the parallel cases are consolidated, the relevant parties, including Merrick Bank, can efficiently and effectively engage in discovery and work toward resolving Plaintiff's state and federal claims without prejudicing Plaintiff. Therefore, Plaintiff's request for fees and costs should be denied.

## III. CONCLUSION

For each of the reasons discussed above, Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Motion for Remand pursuant to Rule 28 U.S.C.

DATED: June 24, 2024

QULLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.

By: */s/ Kyle Pietrzak*
Kyle Pietrzak
*Counsel for Trans Union LLC*



7102131.1

# PROOF OF SERVICE

**STATE OF TEXAS, COUNTY OF COLLIN**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Collin, State of Texas. My business address is 6900 N. Dallas Parkway, Suite 800, Plano, Texas 75024.

On June 24, 2024, I served true copies of the following document(s) described as **TRANS UNION LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c); MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2024, at Plano, Texas.

*/s/ Kyle Pietrzak*
Kyle Pietrzak

**SERVICE LIST**

Judith K. Robenzadeh
Judith@robenzlaw.com
Robenzadeh Law, P.C.
324 S. Beverly Drive. #1211
Beverly Hills, CA 90212
(310) 666-4328
***Counsel for Plaintiff***

Courtney P. O’Connor
courtneyoconnor@jonesday.com
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California 92612
(949) 851-3939
(949) 553-7539 Fax
***Counsel for Experian Information Solutions, Inc.***