JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | Date | July 18, 2024 |
|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**  **(IN CHAMBERS) ORDER GRANTING MOTION FOR REMAND AND REQUEST FOR ATTORNEY FEES AND COSTS [ECF 13]**

Before the Court is Plaintiff Antoinette Hanson's Motion for Remand (the "Motion") and Request for Attorney Fees and Costs (the "Request"). ECF 13. The Court read and considered the Motion and the Request and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. ECF 25. For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion and Request.

## I.    BACKGROUND

On January 30, 2024, Plaintiff Antoinette Hanson filed a lawsuit against Experian Information Solutions, Inc. ("Experian"), Equifax Information Solutions, Inc. ("Equifax"), Trans Union LLC ("Trans Union"), and Does 1-10 in Ventura County Superior Court.[1] ECF 1 (Superior Ct. Compl.) at 13-21.

Plaintiff alleges that on several occasions in 2023 she gave notice in writing to Defendants challenging the accuracy and completeness of certain information reported on her consumer credit report. *Id.* ¶¶ 9-12, at 15. Plaintiff claims that Defendants have not adequately responded to her correspondence, conducted a reasonable investigation into the disputes, or updated Plaintiff's credit report to reflect that the information is disputed. *Id.* ¶¶ 13-18, 20, at 15-16. Plaintiff's credit score has purportedly lowered due to the allegedly

---

[1] Plaintiff and Defendant Experian filed a Notice of Settlement on June 19, 2024. ECF 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | Date | July 18, 2024 |
|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | |

erroneous reporting, causing her to suffer economic, emotional, and reputational harm.  *Id.* ¶¶ 27, 30, at 17-18.   On these allegations, Plaintiff brings a single claim under California's Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.16, *et seq*. *Id.* ¶ 1, at 13.

On April 1, 2024, Plaintiff filed a separate complaint in federal court against Experian, Trans Union, and Merrick Bank, alleging violations of the CCRAA, the federal Fair Credit Reporting Act (the "FCRA"), California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Identity Theft Law ("CITA").  *See Hanson v. Merrick Bank*, No. 2:24-cv-2534-MRA-JC [hereinafter, "Related Case"], ECF 1.  Trans Union was served with the federal complaint on April 4, 2024, and ascertained that the state action was related to the federal action.  ECF 1 (Pietrzak Decl.) ¶ 8, at 11.

On April 19, 2024, Trans Union, joined by Experian, removed the state action to federal court pursuant to 28 U.S.C. § 1446(b)(3).  ECF 1.  Trans Union thereafter filed a motion to consolidate the removed action with the earlier-filed federal action.  *See* Related Case, ECF 18.  On May 29, 2024, Plaintiff filed the instant Motion, noticed for hearing on June 24, 2024.  ECF 13.  The Court (Hon. John A. Kronstadt presiding) continued the hearing to July 15, 2024.  ECF 14.  On June 11, 2024, this case was transferred to the undersigned judge.  ECF 19.  On June 24, 2024, Defendant filed an Opposition to the instant Motion.  ECF 23.  Plaintiff did not file a timely reply.  *See* L.R. 7-10 (permitting a moving party to file a reply no later than 14 days before the hearing date).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Removal of a state action to federal court is therefore only proper if the district court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | Date | July 18, 2024 |
|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | |

## III.   DISCUSSION

### A.   Subject Matter Jurisdiction

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court."   *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).   A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441.   The defendant bears "the burden of establishing that removal is proper."   *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

In its Notice of Removal, Defendant stated that the Court has federal question jurisdiction over the removed action.   ECF 1 at 4.   "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."   *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).   The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."   *Id.*   To establish federal question jurisdiction, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."   *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *accord Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005); *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

Defendant has not met its burden of establishing federal question jurisdiction. Plaintiff only pleads a single state law cause of action under the CCRAA.   ECF 1 ¶¶ 1, 31-41, at 13, 18-19.   Trans Union claims that Plaintiff "refers" to the FRCA in her Complaint and "uses FCRA language."   ECF 23 at 3.   Plaintiff does refer to the FCRA's definitions of "consumer" and "consumer credit reporting agencies," *see* ECF 1 ¶¶ 5-6, at 14, but the "the mere reference of a federal statute in a pleading will not convert a state law claim into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | | Date | July 18, 2024 |
|---|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | | |

a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). The FCRA is not a necessary element of Plaintiff's CCRAA claim, nor is Plaintiff's CCRAA claim preempted by the FCRA or any other federal law. *See* 15 U.S.C. § 1681t(b)(3)(A); *Chinitz v. Experian Information Sols., Inc.*, No. 5:17-cv-06515-EJD, 2017 WL 5560653, at *2 ("[T]he CCRAA and its federal counterpart, the [FCRA], co-exist as separate statutory schemes."). And the mere possibility that Plaintiff could have brought her claims under either or both statutes is irrelevant. Plaintiff has not brought a federal cause of action.

Moreover, the instant case does not depend on resolution of a "substantial federal question" to confer federal jurisdiction. Federal jurisdiction also exists if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 314). Only "[w]here all four of these requirements are met" is jurisdiction proper. *Id.* Trans Union does not brief the *Gunn* factors. Instead, it alludes to, without identifying, "FCRA language" and "concepts not found in the CCRAA" in Plaintiff's Complaint. ECF 23 at 3. These allegations fall woefully short of identifying any substantial federal issue that must be resolved and is in dispute.

In a footnote, Defendant states that because the CCRAA is the state analog to the FCRA, judicial interpretation of the FCRA is persuasive authority for interpreting the CCRAA. *Id.* at 3, n.1 (citing *Olson v. Six Rivers Nat's Bank*, 111 Cal. App. 4th 1, 12 (2003) (citation omitted)). But the Supreme Court has expressly rejected the expansive view that the "mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." *Grable*, 545 U.S. at 313. That FCRA cases may be persuasive authority in the CCRAA context does not demonstrate even a *need* to apply federal law. Thus, Defendant has not shown that this case belongs among the "'special and small category' of cases in which arising under jurisdiction still lies" despite the claim "find[ing] its origins in state rather than federal law." *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

It is clear that Plaintiff's well-pleaded complaint does not allege a federal cause of action or a substantial federal question. To avoid this obvious outcome, Defendant invites

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | | Date | July 18, 2024 |
|----------|------------------------|---|------|---------------|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | | |

the Court to set aside the well-pleaded complaint rule. Defendant first directs the Court to consider the parties' Joint Report pursuant to Federal Rule of Civil Procedure 26(f), in which Plaintiff references the federal Fair Debt Collection Practices Act. ECF 23 at 3-4; *see* ECF 21. Defendant also asserts that the well-pleaded complaint rule should not allow Plaintiff to pursue identical claims simultaneously in state and federal court because it "would be inefficient, unjust and create potential for inconsistent rulings or judgments." ECF 23 at 3. But judicial economy, convenience, and comity do not override the Court's foundational duty to ensure that it has jurisdiction over this case in the first instance.

Defendant requests that the Court look to Plaintiff's federal complaint in the Related Case to find a federal question in this matter and then, in the interest of efficiency, consolidate the cases. ECF 23 at 3-4. In effect, what Defendant seeks is for the Court to exercise supplemental, or ancillary, jurisdiction over the state law claims in this case because they form part of the same case or controversy as federal claims in the Related Case. *See* 28 U.S.C. § 1367(a). Defendant does not provide any legal authority—and indeed, the Court knows of none—in support of its position that original jurisdiction can be based on ancillary jurisdiction. To the contrary, "[r]emoval is governed by statute, and invocation of ancillary jurisdiction . . . does not dispense with the need for compliance with statutory requirements." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002). The removal statute requires that the district court have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). And it is well-established that ancillary jurisdiction does not provide a basis for satisfying that requirement. *See Syngenta*, 537 U.S. at 34 (holding that a federal court's retention of jurisdiction over settled class action suit did not give it authority, under doctrine of ancillary jurisdiction, to remove parallel state court suit); *see also Peacock v. Thomas*, 516 U.S. 349, 355 (1996) ("The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims.").

Although the Ninth Circuit has not spoken on this issue, other circuits applying Supreme Court precedent have rejected the view that a related federal action provides a basis for removal jurisdiction. *See, e.g.*, *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("[A] removal petition . . . may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, even if the action which a defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | Date | July 18, 2024 |
|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | |

seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction." (internal citations omitted)); *Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 706 (8th Cir. 2003) (quoting *Ahearn*, 100 F.3d at 456); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 260 (5th Cir. 2014) (quoting *Fabricius*, 466 F.2d at 693, and *Motion Control Corp.*, 354 F.3d at 706).   District courts in the Ninth Circuit overwhelmingly agree that removal cannot be premised on federal claims in a related case.   *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Bridgeman*, No. 10-CV-02619-JAM-KJN, 2010 WL 5330499, at *5 (E.D. Cal. Dec. 20, 2010); *Flower v. Wachovia Mortg. FSB*, No. C 09-343-JF-HRL, 2009 WL 975811, at *9 (N.D. Cal. Apr. 10, 2009); *U.S. Bank Nat. Ass'n v. Lasoff*, No. 10-CV-00235-MMM-RC, 2010 WL 669239, at *1 (C.D. Cal. Feb. 23, 2010); *Perez v. City of Los Angeles*, No. 23-CV-03381-SVW-AS, 2023 WL 8113258, at *2 (C.D. Cal. Nov. 21, 2023); *Careco, LLC v. Miguel Solario*, No. 24-CV-00836-JVS-JDE, 2024 WL 3202324, at *6 (C.D. Cal. June 26, 2024).   Defendant's argument that Plaintiff's state court case is eligible for removal because it is related to a federal case therefore lacks merit.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over this action.   Defendant's removal was therefore improper, and remand to state court is in order.

### B.      Attorney Fees and Costs

"A district court may, in its discretion, 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal.'"   *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (quoting 28 U.S.C. § 1447(c)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).   Thus, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."   *Id.* at 141.   In making the reasonableness determination, courts look to whether case law "clearly foreclosed" the defendant's basis of removal.   *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007)).   The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | Date | July 18, 2024 |
|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | |

the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."   *Id.*

The Court finds that Defendant lacked an objectively reasonable basis for seeking removal based on federal question jurisdiction.   As discussed in Section III.A., *supra*, case law clearly foreclosed jurisdiction based on either the "federal cause of action" or the "substantial federal question" branch of federal question jurisdiction.   Defendant also lacked an objectively reasonable basis for seeking removal based on a related federal action.   On this point, the Supreme Court was explicit that "[a]ncillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441."   *Syngenta*, 537 U.S. at 34.   Consistent with this precedent, sister circuits and district courts in the Ninth Circuit have resoundingly rejected the view that a defendant can seek removal simply because a state court action alleging only state law claims is related to federal claims in a related federal action.   *See* Section III.A., *supra*. Defendant proffers no legal authority in support of its contrary position, which further signals to the Court that it lacked an objectively reasonable basis for removal.

Defendant's removal implicates Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party.   *See Martin*, 546 U.S. at 140. The Court does not make any findings regarding Defendant's motivations in removing this action, but it does find that removal imposed unnecessary costs on Plaintiff.   Plaintiff's Counsel declares that she was required to expend a total of 9.5 hours to bring the instant Motion.   ECF 13-1 (Robenzadeh Decl.) ¶ 21.   She estimated expending an additional six hours to review Defendant's Opposition and drafting a reply.   *Id.* ¶ 22.   Since Plaintiff did not file a reply, the Court disregards those additional estimations.   Thus, based on Plaintiff's Counsel's reduced hourly rate of $600, Plaintiff has expended $5,700.00 in attorney fees.   *Id.* ¶ 23.   These costs were needlessly incurred based on Defendant's improper and objectively unreasonable removal.   The Court therefore orders Defendant to pay Plaintiff's attorney fees.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-03248-MRA-MRW | Date | July 18, 2024 |
|---|---|---|---|
| Title | Antoinette Hanson v. Trans Union, LLC, et al. | | |

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand and Request for Attorney Fees and Costs.   ECF 13.   The Court further ORDERS as follows:

1.  Defendant shall pay Plaintiff's attorney fees in the sum of $5,700.00.

2.  The Clerk shall **REMAND** this case to Ventura County Superior Court.

**IT IS SO ORDERED.**

                                                                    -    :    -

                                    Initials of Deputy Clerk        gga